UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES PAHULU

    Plaintiff,

    v.

MICHAEL ASTRUE, Commissioner of Social security,

    Defendant.

Case No. C08-5455 FDB

ORDER ON MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

This matter comes before the Court on Plaintiff's motion for authorization of attorney fees under 42 U.S.C. § 406(b). The Defendant has filed a response asserting that the requested fee is excessive in light of the amount of work performed.

The Court, having reviewed the pleadings and record herein, is fully informed and hereby grants a reduced award of fees that are reasonable in light of the hours of work performed in obtaining the benefit.

**Introduction and Background**

Previously, this Court awarded Plaintiff's counsel $4,654.46 pursuant to the Equal Access to Justice Act (EAJA). Plaintiff's counsel now petitions for a gross fee of $ 21,267.96. Plaintiff has

ORDER - 1

subtracted from 25% of the past due benefits the amount awarded pursuant to the EAJA and requests a net § 406(b) fee of $16,613.50, minus any administrative assessment as allowed by statute. The motion is supported by the declaration of Plaintiff's counsel setting forth 26.5 hours as the amount of attorney time expended in obtaining a stipulated remand in this matter and the terms of the attorney fee contingency agreement executed between Plaintiff and counsel indicating that in the event benefits are awarded counsel is entitled to a combined total fee for court work equaling 25% of the past-due benefits.

The Defendant does dispute that the Plaintiff's calculation of the fee equals 25% of the past-due benefits as permitted by statute and that the number of hours spent on this matter are reasonable. Defendant nonetheless asserts that a gross award of $21,267.96 (net award of $16,613.50) is excessive in light of the number of hours expended in litigating the merits of this case. Authorizing Plaintiff's counsel to receive $21,267 for 26.5 hours of work would represent an attorney hourly fee rate of $802.56. Defendant asserts that a smaller fee that is reasonable in light of the routine litigation and amount of time expended is appropriate.

## 42 U.S.C. § 406(b) Fee Awards

In order to provide for representation of social security claimants, Congress authorized payment of "a reasonable fee for such representation, not in excess of 25 percent of past due benefits" won through that representation. 42 U.S.C. § 406(b)(1)(A). The statutory and regulatory regime is unusual in allowing only contingency fees. In other words, where benefits are denied, no fees are allowed. See Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). In fact, it is a criminal offense for an attorney to charge a non-contingent fee or a fee in excess of the 25 percent statutory ceiling. See 42 U.S.C. § 406(b)(2); Gisbrecht, 535 U.S. at 795-96.

Resolving a circuit split on the issue, Gisbrecht held the provision of § 406(b) limiting attorney fees to 25 percent of past-due benefits was designed to control contingency fee agreements, not to displace them. Gisbrecht, 535 U.S. at 807. Within the 25 percent boundary the attorney for

ORDER - 2

the successful claimant must show that the fee sought is reasonable for the services rendered. Id. Under Gisbrecht, a district court is required to conduct an independent review of a fee request to assure that they yield reasonable results in particular cases. Id. at 807-08. A court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved. Id. For example, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Id. Additional reasonableness factors noted in Gisbrecht, include the attorney's risk of loss, the nature and character of the representation, future benefits accruing to the petitioner from counsel's work, delays caused by counsel, and other uncertainties. Id. at 808.

Since Gisbrecht was handed down, the district courts in the application of an independent review have not been consistent in their approach. Ellick v. Barnhart, 445 F. Supp.2d 1166, 1172 (C.D. Cal. 2006)(surveying of district court decisions). The courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non-contingency fee arrangements. Id., at 1168-70; Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). See, *e.g*., Colegrove v. Barnhart, 435 F. Supp.2d 218, 219 (W.D. N.Y. 2006); Thomas v. Barnhart, 412 F. Supp.2d 1240, 1244 (M.D. Ala. 2005); Faircloth v. Barnhart, 398 F. Supp.2d 1169, 1174 (D. N.M. 2005); Mitchell v. Barnhart, 376 F. Supp.2d 916, 923 (S.D. Iowa 2005); Kopulos v. Barnhart, 318 F. Supp.2d 657, 668-69 (N.D. Ill. 2004); Thompson v. Barnhart, 240 F. Supp.2d 562 (W.D. Va. 2003); Roark v. Barnhart, 221 F. Supp.2d 1020, 1026 (W.D. Mo. 2002); Coppett v. Barnhart, 242 F. Supp.2d 1380 (S.D. Ga. 2002). These cases recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss. Ellick v. Barnhart, 445 F. Supp.2d at 1168-70; Hearn v. Barnhart, 262 F. Supp.2d at 1037. These courts find the amount of fees requested reasonable as consistent with the actual fee agreement executed between claimant and counsel and that they are

ORDER - 3

within or at the statutory cap. In granting an award equal to the 25 percent cap, the courts also mention such favorable factors as the experience and skill of counsel, exceptional results, amount of time expended, complex issues and the fact that the amount of past-due benefits does not reflect the true value of the results achieved where the claimant receives substantial ongoing benefits. See, Ellick v. Barnhart, 445 F. Supp.2d at 1168-70; Hearn v. Barnhart, 262 F. Supp.2d at 1037.

The courts that have reduced the award of fees below the requested 25 percent of past-due benefits have generally done so under the admonition of Gisbrecht that if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment from the 25 percent cap is in order. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). See, Ellick v. Barnhart, 445 F.Supp2d 1166, 1172 (C.D. Cal. 2006); Grunseich v. Barnhart, 439 F. Supp.2d 1032, 1033 (C.D. Cal. 2006); Hodges-Williams v. Barnhart, 400 F. Supp.2d 1093, 1099-1100 (N.D. Ill. 2005) Brown v. Barnhart, 270 F. Supp.2d 769, 772 (W.D. Va. 2003).

Having reviewed the pleadings on file in this case in light of Gisbrecht, the Court concludes that counsel for Plaintiff has not met his burden of showing the reasonableness of the fees requested. Counsel achieved a favorable result for Plaintiff and should be reasonably compensated to recognize the risks of contingent representation, the amount of expertise counsel brings to this matter, that Plaintiff not only received past-due benefits but on going benefits, and that Plaintiff entered into a 25 percent contingency fee agreement with counsel. In contrast to these favorable factors, counsel spent very little time on this case in comparison to the amount of past due benefits obtained on behalf of the Plaintiff, and the issues addressed were neither novel or complex. A full contingent fee award to counsel of $21,267.96 for 26.5 hours of work would represent an attorney hourly rate of $802.56. Under the circumstances of this case such an award would constitute a "windfall" and a downward adjustment is in order. See, Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002).

Balancing the need to avoid windfall against the factors supporting a substantial fee, the

ORDER - 4

Court finds that a fee award of $13,250.00 is a reasonable fee for representation of the Plaintiff before this Court. This award represents a *de facto* hourly rate of $500.00, an amount greater than that awarded in the vast majority of cases and an award that reasonably reflects the contingency nature of this §406(b) fee.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's attorney Elie Halpern is awarded a attorney's fee of $13,250.00 for work performed in this Court pursuant to 42 U.S.C. § 406(b), reduced by the previously awarded EAJA fees of $4,654.46, leaving a net fee award of $8,595.54. The Commissioner of Social Security is directed to issue to Plaintiff's attorney Elie Halpern a check for the net fee of $8,595.54, minus any applicable processing fees as allowed by statute.

.

DATED this 13th day of October, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5